AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>BRANDON RUSSELL<br><br>Defendant(s) | Case No.  8:17-mj- 1362 TBM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 20, 2017__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d)<br>18 U.S.C. § 842(j) | possession of unregistered destructive device; and<br>unlawful storage of explosive material |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Timothy A. Swanson, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 5-20-17

_____
Judge's signature

City and state: Tampa, FL.

Thomas B. McCoun III, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Timothy A. Swanson, being duly sworn, state as follows:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation for over 17 years. Prior to that, I was a Police Officer for 9 years with the Fort Collins Police Department in Fort Collins, Colorado. Since March 2017, I have been assigned to the FBI Tampa Field Office on the Domestic Terrorism squad. In my capacity as a Special Agent, I have investigated multiple violations of federal law, including violent crimes, domestic terrorism, international terrorism, and firearms and explosives offenses. I have also participated on the hostage rescue team.

2. I submit this affidavit in support of a criminal complaint against BRANDON RUSSELL. As set forth herein, I have probable cause to believe that RUSSELL has committed a violation of 26 U.S.C. § 5861(d) (possession of an unregistered destructive device); and 18 U.S.C. § 842(j) (unlawful storage of explosive material).

3. The facts in this affidavit come from information obtained during the course of a criminal investigation. The statements contained in this affidavit are based on my own investigation of this matter, my training and experience, and information learned and relayed to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing

probable cause for a criminal complaint, it does not include all information I have learned during this investigation.

## PROBABLE CAUSE

4. On or about May 19, 2017, the Tampa Police Department (TPD) arrested 18-year old Devin Arthurs after he confessed to killing two people at a Tampa, Florida apartment where Arthurs lived with RUSSELL. Arthurs led TPD officers to the apartment in Tampa Palms where he claimed to have killed two individuals inside the residence. The apartment is leased by RUSSELL.

5. When officers arrived at the apartment, they encountered RUSSELL standing just outside the front door. RUSSELL had just returned to the residence from Army National Guard duties. RUSSELL was crying and visibly upset. Arthurs, who was with officers when they arrived at the apartment, stated that RUSSELL was his roommate and that RUSSELL did not know what was going on, referring to the two deceased individuals inside.

6. Based on Arthurs' statements, officers entered the apartment and located two deceased, unidentified white males, who had suffered gunshot wounds to the upper body and head.

7. Post-*Miranda*, Arthurs voluntarily agreed to speak with law enforcement and fully admitted to the shooting death of both men in the apartment, providing specific details of the shooting, the weapon he used, the sequence of the targeting, the exact location of the shooting, and the shot placement on each victim.

8. Arthurs stated that all four men, the two deceased individuals as well as he and RUSSELL, had been friends who shared a common neo-Nazi belief, until Arthurs recently converted to Islam. Arthurs stated that for some time before the murders, he had been privy to RUSSELL participating in online neo-Nazi internet chat rooms where he threatened to kill people and bomb infrastructure.

9. TPD obtained a state search warrant for the residence. Upon search of the garage area of the apartment (which is attached to and immediately underneath the living quarters), law enforcement discovered a cooler containing a white cake-like substance that two FBI and TPD bomb squad technicians immediately recognized through their training and experience as HMTD (an explosive also known as hexamethylene triperoxide diamine). Within a short distance of the HMTD were explosive precursors including potassium chlorate, potassium nitrate, more than one pound of ammonium nitrate (which was in a package addressed to RUSSELL), nitro methane,

hexamine, and citric acid, among other things. Also discovered within a short distance of the HMTD were electric matches and empty 5.56 caliber ammunition casings with fuses that could be used to detonate destructive devices once the HMTD was combined with the casing. Based on my training and experience, I know that the HMTD found in the garage combined with the amount of ammonium nitrate and nitro methane also found in the garage would constitute a "bomb" under 26 U.S.C. § 5845(f)(1).

10. Inside the residence, specifically in RUSSELL's bedroom, officers located Nazi/white supremacist propaganda, including a framed photograph of Oklahoma City-federal-building bomber Timothy McVeigh on his dresser, firearms, and ammunition. Additionally, upon entry into the premises by the bomb technicians, their pagers alerted to what was determined to be two radiation sources (thorium and americium).

11. RUSSELL voluntarily provided the following statements to law enforcement before asking for an attorney. RUSSELL admitted to being a national socialist. RUSSELL admitted that he had manufactured the HMTD that was located in the garage (and that it was HMTD), and that he was the owner of the precursors. RUSSELL also admitted to his neo-Nazi beliefs and that he was a member of a self-organized group called the "Atom Waffen" (German for "atomic weapon"). When questioned about the purpose for

4

possessing the explosives in the garage, he responded that he was in an engineering club at the University of South Florida in 2013 and that he used the HMTD to boost homemade rockets and to send balloons into the atmosphere for testing, among other things. Based on my training and experience, HMTD is too energetic and volatile for these types of uses. RUSSELL stated that he made the HMTD over a year ago.

12. On or about May 20, 2017, I received verbal confirmation from ATF Explosive Enforcement Officer Kevin Miner that the HMTD recovered from the garage is an "explosive" and when combined with the other chemicals and materials found in the garage meets the definition of a "destructive device" under 26 U.S.C. § 5845(f). Further, based on RUSSELL's admission that he made the HMTD and the presence of the other chemical precursors in the garage, probable cause exists that RUSSELL had a combination of parts designed or intended to be used to readily assemble a destructive device.

13. Moreover, under the regulations promulgated by the Attorney General through ATF, *see* 27 C.F.R. § 555.201, et seq., and the laws and ordinances of Hillsborough County, Florida, HMTD is an explosive material that could not lawfully be stored in RUSSELL's garage or residence.

14. On May 20, 2017, I received a verbal confirmation from ATF that a preliminary records search shows no registration of any destructive devices by RUSSELL in the National Firearms Registration and Transfer Record as required by Title 26, United States Code.

15. Wherefore, I have probable cause to believe that BRANDON RUSSELL has committed violations of federal law, namely 26 U.S.C. § 5861(d) and 18 U.S.C. § 842(j). Accordingly, I respectfully request the issuance of a criminal complaint against RUSSELL.

This completes my affidavit.

Timothy A. Swanson, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 20 day of May, 2017.

THOMAS B. MCCOUN III
UNITED STATES MAGISTRATE JUDGE